IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE LEECH                                                                      PETITIONER

v.                                                                                                       No. 1:09CV55-A-D

WARDEN DANNY SCOTT, ET AL.                                       DEFENDANTS

**MEMORANDUM OPINION**

Willie Leech, an inmate confined to the Mississippi Department of Corrections, seeks federal habeas corpus relief under 28 U.S.C. § 2254. He challenges his conviction and sentence in the Circuit Court of Lowndes County, Mississippi. For the reasons set forth below, the petition for a writ of habeas corpus will be denied.

**Facts and Procedural Posture**

On May 12, 1988, Willie Leech pleaded guilty in the Circuit Court of Lowndes County, Mississippi to Armed Robbery, accessory before the fact. Leech was sentenced to serve twenty (20) years in the Mississippi Department of Corrections, with said sentence suspended for twenty (20) years, and five (5) years suspended probation. State Court Record ("SCR"), Vol. 1, p. 9. In May 1989, after testing positive for illegal drugs, Leech's probation was modified to require that he "serve as a condition of his probation 90 days in the Lowndes County Jail." *Leech v. State*, 994 So.2d 850, 851 (Miss. App. 2008) *reh'g denied* Nov. 18, 2008, *cert denied* Jan. 22, 2009 (Cause No. 2007-CP-00566-COA). After serving the ninety days, Leech fled the state of Mississippi and moved to Allentown, Pennsylvania. *Id.* On May 30, 1990, the state filed a petition to revoke on the basis of failure to report to probation officer, failure to pay supervision fees and court costs, and testing positive for the use of illegal drugs. *Id.*

On August 7, 2006, shortly after his return to Mississippi, Leech was served with the 1990 petition to revoke, resulting in his arrest. *Id.* On August 8, 2006, a revocation hearing was

held, at which Leech admitted he violated the terms of his probation as set forth in the revocation petition and waived a hearing on the matter. *Id.* The circuit court revoked the suspension of Leech's sentence and ordered him to serve his original twenty (20) year sentence in the custody of Mississippi Department of Corrections. SCR, Vol. 1, p. 17-18.

Leech filed a motion for post-conviction relief ("PCR") in the Lowndes County Circuit Court, which was denied on March 5, 2007, as it found the PCR motion was time-barred. SCR, Vol. 1, p. 54. Leech appealed the denial to the Mississippi Supreme Court, raising following issues (*pro se*):

1. Whether the revocation was timely pursued.

2. Leech was denied effective assistance of counsel during the revocation hearing.

3. The resentencing of Leech to the full twenty years constitutes double jeopardy.

4. The trial court erred when that court denied Leech's post-conviction motion as time-barred.

The Mississippi Court of Appeals found that while Leech's PCR motion was not time-barred, there was no merit to the issues raised, and on July 22, 2008, affirmed the decision of the circuit court. *Leech*, 994 So.2d 850 (Miss. App. 2008) *reh'g denied* Nov. 18, 2008, *cert denied* Jan. 22, 2009 (Cause No. 2007-CP-00566-COA).

In the instant Petition for Writ of Habeas Corpus, filed on April 20, 2009, Leech raises the following issues (as stated by the Petitioner):

1. Whether the revocation was timely pursued.

2. Petitioner was denied effective assistance of counsel during revocation hearing.

3. The resentencing of petitioner to the full twenty years constitutes double jeopardy.

4. The Mississippi Court of Appeals did rule contrary to federal law in affirming the lower court's denial of relief.

**Discussion**

In order for a federal court to grant habeas corpus relief, it must abide by the standards set forth by 28 U.S.C. § 2254(d) and § 2254(e)(1). According to 28 U.S.C. § 2254(d), in order to grant relief, the court must conclude that the State's adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 120 S.Ct. 1495 (2000), the United States Supreme Court concluded that:

> [u]nder the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In other words, it is not enough that the state court decision applied the law erroneously or incorrectly. The application of the principle must be unreasonable. *Id.* at 1522. The district court must ask whether the state court's application of the principle was objectively reasonable, not whether all reasonable jurists would agree the state court made a correct decision. *Id.* at 1521.

Even so, under § 2254(d)(2), grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is Leech's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As will

be discussed below, Leech fails to meet this burden.

In his first claim, Leech argues that the State of Mississippi did not timely pursue the revocation, losing jurisdiction to revoke the suspended sentence. The Court of Appeals held that "[p]robation may be lawfully revoked beyond the probationary period if a revocation petition is filed prior to the end of the probationary period-an act deemed to 'toll' the running of the probationary period-and the State acts on the petition within a reasonable time. *Jackson*, 483 So.2d at 1356." *Leech*, 994 So.2d at 853-54. The Mississippi Court of Appeals found that the circuit court acted within a reasonable time.

> From the record before this court on appeal, we only know that Leech fled the jurisdiction to Pennsylvania upon his release from the Lowndes County Jail in 1990, and he remained there until he returned to Lowndes County, shortly before he was served with the revocation petition and arrested in May 2006. At the revocation hearing, Leech admitted that he violated the terms of his probation, and he moved to Pennsylvania. Further, Leech stated that he wished to waive a hearing in the matter. To hold on these facts that Leech's probation was unlawfully revoked due to the State's failure to act on the petition within a reasonable time would allow a probationer to avoid revocation by fleeing the jurisdiction (a further violation of probation) and successfully eluding the authorities until his or her probationary period has long since expired. Under the rationale of the *Jackson* decision, "[s]uch reasoning would be absurd and is not the law." *Jackson*, 483 So.2d at 1356.

*Leech*, 994 So.2d at 855. The state court followed the rules and procedures for revocation set forth in Miss. Code Ann. § 47-7-37. The appellate court's resolution of this claim was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

In his second claim, Leech argues that he was denied effective assistance of counsel during the revocation hearing. The Mississippi Court of Appeals and Supreme Court found this issue meritless. To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas corpus petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*,

466 U.S. 668 (1984). This test requires both constitutionally deficient performance by counsel and actual prejudice as a result of this ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing *Strickland* standard of review). A petitioner's failure to establish both elements of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Jacksonburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

In order to show deficient performance by counsel, a petitioner must demonstrate that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be considered in light of the services rendered at the time, rather than through retrospective distortion. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). "Our scrutiny of counsel's performance is 'highly deferential' and we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated without context; all circumstances are considered in determining whether performance was reasonable under prevailing professional standard. *Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. The Court must determine that there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). In

other words, a petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). In scrutinizing counsel's performance, every effort must be made to "eliminate the distorting effects of hindsight," and deficiency should not be assumed merely because the Court disagrees with trial counsel's strategy. *Id.* (citations omitted).

To prove prejudice, the second prong of the *Strickland* test, a petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981), *cert. denied*, 466 U.S. 949 (1982).

Leech claims that his counsel at the revocation was ineffective for failing to argue that Mississippi gave up jurisdiction to revoke his sentence because of the time elapsed. He also alleges counsel should have argued "collateral estoppel and double jeopardy." The revocation petition was filed before Leech's probation period expired. Therefore, the probationary period was tolled until he could be found and served. As will be discussed below, the court's imposition of Leech's suspended sentence did not violate double jeopardy. The failure of Leech's counsel to make these arguments does not constitute deficient performance; indeed, "[f]ailure to raise meritless objections is not ineffective lawyering, it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Leech fails to show how counsel's actions were deficient. There is no support for a holding that there is a "reasonable probability" that, had his defense attorney raised the above arguments, the court's determination to revoke Leech's suspended sentence would have been

decided differently.

In Leech's third claim, he argues that the Circuit Court violated double jeopardy by ordering him to serve twenty (20) years of his suspended sentence. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment . . . protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Leech's sentence is not in violation of double jeopardy. Under Miss. Code Ann. § 47-7-37, a court "may continue or revoke all or any part of the . . . suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." The Mississippi Court of Appeals held that:

> double jeopardy is violated "[o]nly if the court attempts to administer a longer sentence than what was originally conferred upon the defendant...." *Brunson v. State*, 796 So.2d 284, 287-88 (Miss. App. 2001) (citing *Johnson v. State*, 753 So.2d 449, 455 (Miss. App. 1999)). However, where as here, the trial court reinstates a suspended sentence already levied on the defendant, no violation of double jeopardy occurs.

*Leech*, at 850. The Mississippi Supreme Court also found Leech's claim meritless. This Court agrees.

In his fourth claim, Leech argues that the trial court abused its discretion when it denied his PCR motion as time-barred. The trial judge did err in dismissing Leech's PCR motion. However, the Mississippi Court of Appeals considered the merits of Leech's motion and found that he was not entitled to post-conviction relief. As discussed above, a federal court may not disturb a state court's application of law to facts unless the state court decision was contrary to or

an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* U.S.C. § 2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d at 421 (5th Cir. 2002). Because Leech has not presented any evidence suggesting that the state courts' decision was based on an unreasonable determination of the facts in light of the evidence, this Court may not review his final claim.

## Conclusion

In revoking Willie Leech's sentence, the State of Mississippi followed the rules and procedure set forth in Miss. Code Ann. § 47-7-37. Although the state was not able to serve Leech until 2006 because he absconded to Pennsylvania, the petition to revoke was timely filed. He has presented no evidence to suggest he was denied effective assistance of counsel during the revocation hearing. Leech is not being punished multiple times for the same offense, but merely serving the original sentence imposed by the State of Mississippi over twenty years ago. Finally, because Leech has not presented any evidence that the state courts' decision was based on an unreasonable application of facts to law, this court may not review his final claim. Accordingly, the court denies federal habeas corpus relief, and the instant petition will be dismissed with prejudice.

**SO ORDERED,** this the 14th day of July, 2010.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**